1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES LORIN PORTER, SR.,

11             Plaintiff,                    No. CIV S-07-1139 LKK DAD P

12        vs.

13   UNKNOWN,

14             Defendant.                    ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding pro se seeking relief pursuant to 42 U.S.C.

17   § 1983.  In accordance with court's June 22, 2007 order, plaintiff has filed an application to

18   proceed in forma pauperis under 28 U.S.C. § 1915.  Plaintiff has also filed several amended

19   complaints.  For purposes of moving forward with this case, the court will assume that plaintiff

20   wishes to proceed with his most recently submitted amended complaint, filed July 2, 2007.

21        Plaintiff has submitted an in forma pauperis application that makes the showing

22   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

23   pauperis.

24        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

25   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

26   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

                                          1

U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___,      , 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital</u> <u>Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

In this case, plaintiff has identified as defendants James Tilton, Secretary of the California Department of Corrections and Rehabilitation; Timothy M. Lockwood, Chief, Regulation and Policy Management Branch; R.J. Subia, Warden at Mule Creek State Prison ("MCSP"); Arnold, Facility B Captain at MCSP, Second Watch; M. Bennett, Facility B Counselor at MSCP, Second Watch; R. Carrillo, Correctional Sergeant, Facility B, Third Watch.

Plaintiff alleges that the CDCR Regulation Policy Branch has placed a half-length beard requirement on prisoners but has exempted Muslim prisoners from the requirement under the holding in <u>Mayweathers v. Terhune</u>.  Plaintiff argues that such a beard length requirement also violates the "orthodox tenets" of other prisoners as well.  Plaintiff alleges that defendant Carrillo engages in selective enforcement of the requirement and selects church inmates as his target.  Plaintiff further alleges that defendants Arnold and Bennett have used plaintiff's religious beliefs to take away his point override and to demote him to level IV.  Plaintiff requests that the CDCR repeal the beard-length requirement for non-Muslim prisoners, the court issue a temporary restraining order prohibiting CDCR from punishing inmates for practicing their religious beliefs and growing facial hair, and that the court order CDCR to comply with the Religious Land Use and Institutionalized Persons Act.

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

1   with at least some degree of particularity overt acts which defendants engaged in that support his

2   claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

3   8(a)(2), the complaint must be dismissed.  The court will, however, grant plaintiff leave to file an

4   amended complaint.

5           If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how

6   the conditions complained of resulted in a deprivation of his federal constitutional or statutory

7   rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  For example, if plaintiff believes that

8   defendants have violated his rights under the Religious Land Use and Institutionalized Persons

9   Act ("RLUIPA"), plaintiff's amended complaint should explain why.  Specifically, plaintiff's

10  amended complaint should demonstrate how the half–length beard requirement impedes

11  plaintiff's religious exercise.  Similarly, plaintiff's amended complaint should allege in specific

12  terms how each named defendant has been involved in the depriving plaintiff's rights under

13  RLUIPA.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

14  or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

15  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

16  F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil

17  rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18          Plaintiff is informed that the court cannot refer to a prior pleading in order to

19  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

20  complaint be complete in itself without reference to any prior pleading.  This is because, as a

21  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

22  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

23  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

24  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

25          Also before the court is plaintiff's request to withdraw his motion for a temporary

26  restraining order ("TRO").  Plaintiff previously filed a motion for a TRO prohibiting Mule Creek

4

1  State Prison from transferring him outside the boundaries of the Eastern District of California.

2  Plaintiff notes that prison officials have since elected to retain him at Mule Creek State Prison

3  and no threat of transfer should arise any earlier than June 2008.  Good cause appearing,

4  plaintiff's request will be granted and his June 26, 2007 motion for a TRO will be stricken.

5          In accordance with the above, IT IS HEREBY ORDERED that:

6          1.  Plaintiff's July 2, 2007 application to proceed in forma pauperis is granted.

7          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

8  The fee shall be collected and paid in accordance with this court's order to the Director of the

9  California Department of Corrections and Rehabilitation filed concurrently herewith.

10         3.  Plaintiff's complaint is dismissed.

11         4.  Plaintiff is granted thirty days from the date of service of this order to file an

12 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

13 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

14 docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

15 amended complaint in accordance with this order will result in a recommendation that this action

16 be dismissed without prejudice.

17         5.  Plaintiff's September 7, 2007 request to withdraw his June 26, 2007 motion for

18 a temporary restraining order is granted.  Plaintiff's June 26, 2007 motion for a temporary

19 restraining order is stricken.

20 DATED: September 17, 2007.

21

22 _____

23 DALE A. DROZD

    UNITED STATES MAGISTRATE JUDGE

24 DAD:9
port1139.14a

25

26

        5